IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARON LITTLE,                    )
                                  )
                  Plaintiff,      )
                                  )   CIVIL ACTION
v.                                )
                                  )   No. 06-2539-CM-JTR
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social Security,  )
                                  )
                  Defendant.      )
_____ )

REPORT AND RECOMMENDATION

Plaintiff seeks review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits under sections 216(I) and 223 of the Social Security Act.  42 U.S.C. §§ 416(I) and 423(hereinafter the Act).  The matter has been referred to this court for a report and recommendation.  The court recommends the Commissioner's decision be REVERSED and judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

I.   Background

Plaintiff's application for disability insurance benefits was denied initially and upon reconsideration.  (R. 15, 23, 24). Plaintiff sought, and on May 9, 2006 was given, a hearing before

an Administrative Law Judge (ALJ).  (R. 15, 42-43, 210-46).  At

the hearing plaintiff was represented by an attorney, and

testimony was taken from plaintiff and a vocational expert (VE).

(R. 15, 211).

On Jun. 15, 2006, the ALJ issued a decision finding

plaintiff is not disabled within the meaning of the Act.  (R. 15-

22).  The ALJ found that plaintiff has diabetes mellitus and

edema resulting from a surgical procedure--a combination of

impairments which prevents performance of plaintiff's past

relevant work.  (R. 17, 20).  Nonetheless, the ALJ found that

plaintiff "has acquired work skills from past relevant work that

are transferable to other occupations with jobs existing in

significant numbers in the national economy," concluded that

plaintiff is not disabled within the meaning of the Act, and

denied her application.  (R. 22).

Plaintiff disagreed with the decision, and sought and was

denied review by the Appeals Council.  (R. 8-12).  Therefore, the

ALJ's decision is the final decision of the Commissioner.  (R.

8); Threet v. Barnhart, 353 F.3d 1185, 1187 (10th Cir. 2003).

Plaintiff now seeks judicial review.

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C.

§ 405(g).  Section 405(g) provides, "The findings of the

Commissioner as to any fact, if supported by substantial

evidence, shall be conclusive." The court must determine whether
the factual findings are supported by substantial evidence in the
record and whether the ALJ applied the correct legal standard.
Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v.
Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial
evidence is more than a scintilla, but less than a preponderance,
it is such evidence as a reasonable mind might accept to support
the conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th
Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).
The court may "neither reweigh the evidence nor substitute [it's]
judgment for that of the agency." White, 287 F.3d at 905
(quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799,
800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172
(10th Cir. 2005). The determination of whether substantial
evidence supports the Commissioner's decision, however, is not
simply a quantitative exercise, for evidence is not substantial
if it is overwhelmed by other evidence or if it constitutes mere
conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d
222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual
can establish that she has a physical or mental impairment which
prevents her from engaging in substantial gainful activity and is
expected to result in death or to last for a continuous period of
at least twelve months. 42 U.S.C. § 423(d); see also, Barnhart

v. Walton, 535 U.S. 212, 217-22 (2002)(both impairment and inability to work must last twelve months).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  Id.; 20 C.F.R. § 404.1520 (2006).

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled.  20 C.F.R. § 404.1520; Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals an impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Id. at 750-51.  If plaintiff's impairment does not meet or equal a listed impairment, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five, whether the claimant can perform her past relevant work, and whether she is able to perform other work in the national economy.  <u>Williams</u>, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity.  <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ made three errors in determining that she has transferable skills which allow the performance of work existing in significant numbers in the economy.  She claims (1) there is no evidence of record that plaintiff acquired particular skills or that the skills identified by the vocational expert transfer to the occupations identified; (2) the ALJ failed to develop the record[1] regarding transferable skills, and (3) the ALJ failed to properly apply the rule regarding transferable skills for a claimant who is of advanced age.  (Pl. Br. 18-21).  The Commissioner argues that the record contains all the evidence necessary for the vocational expert to properly opine regarding

---

[1]Plaintiff's brief states "The ALJ Failed to Properly <u>Document</u> the Record With Respect to Whether or not Little Had Transferable Skills."  (Pl. Br. 20)(emphasis added).  However, plaintiff's argument is that the ALJ failed to develop the record regarding transferable skills.  <u>Id.</u>

transferable skills, and that the ALJ's finding (that plaintiff can perform the identified jobs with skills acquired from past relevant work and requiring no additional skills) is sufficient to reveal that the ALJ properly considered the rule regarding transferable skills for a claimant who is of advanced age.  The court will address the issues in the order presented in plaintiff's brief.

## III. Transferable Skills

The ALJ found that plaintiff acquired skills (sales activities, hiring and firing employees, scheduling workers, payroll and timekeeping, evaluating work of others, supervising others, dealing with people, general office skills, budgeting, and interviewing people) from her past relevant work which are transferable to other work.  (R. 20-21).  The ALJ found that certain jobs existing in significant numbers in the economy can be performed using skills acquired in plaintiff's past relevant work and requiring no additional skills.  (R. 21).  She identified six specific representative occupations identified in the Dictionary of Occupational Titles (DOT) which meet the criteria:  information clerk, reception clerk, telemarketer, timekeeper, payroll clerk, and scheduler.  Id.  The ALJ concluded her analysis, "Based upon the testimony of the vocational expert, the undersigned concludes that the claimant has acquired work skills from past relevant work that are transferable to other

occupations with jobs existing in significant numbers in the national economy." (R. 22). She found that, although plaintiff cannot perform the full range of light work, she is able to perform work existing in significant numbers in the economy and is, therefore, not disabled within the meaning of the Act. (R. 22).

Plaintiff first claims that substantial evidence does not support a finding that plaintiff has transferable skills. She claims the VE identified only vague attributes, not skills, plaintiff had acquired and that there is no evidence supporting a finding that the skills identified transfer to the occupations identified. (Pl. Br. 18). The Commissioner argues that the VE testified and the ALJ identified specific transferable skills; that the skills identified are reflected in the Work History Report completed by plaintiff and in plaintiff's testimony at the hearing; and that the VE is an expert "in employment and vocational factors which influence employment," and the ALJ was justified in relying on the VE testimony that the skills identified are transferable to the jobs identified. (Comm'r Br. 4-6). The court agrees with the Commissioner.

As the Commissioner argues, and contrary to plaintiff's claim, plaintiff's "Work History Report" provides evidence that plaintiff was a "home health owner" and an "insurance agent." (R. 102). In these jobs, plaintiff's report indicates she used

office machines, supervised fifty people, had hiring and firing authority, wrote and completed reports, dealt with the public, and used a computer, fax, copy machine, and adding machine. (R. 102-04). At the hearing, plaintiff confirmed the information from her Work History Report. (R. 221-23). This is evidence from which the VE might draw an inference regarding the skills plaintiff acquired in her past relevant work. Plaintiff accepted the VE's qualification without objection. (R. 238). The VE performed a work history evaluation based upon the information presented to her and upon her experience as a vocational expert. (R. 238-41). Plaintiff did not object to the vocational expert's qualifications either at the hearing or in her argument before this court. The VE properly testified regarding skills acquired from plaintiff's past relevant work based on the evidence of record (including plaintiff's work history report and plaintiff's testimony at the hearing) and on the VE's expertise regarding plaintiff's past relevant work as it exists in the economy.

Moreover, the regulations specifically provide that where the issue in determining disability "is whether your work skill can be used in other work and the specific occupations in which they can be used," the Commissioner may choose to use the services of a vocational expert. 20 C.F.R. § 404.1566(e). Therefore, the VE testimony is evidence upon which the ALJ may properly rely to determine that the skills identified were

acquired by plaintiff in performing her past relevant work, and that the skills are transferable to the occupations identified by the VE.

Plaintiff also claims that the VE discussed only "attributes" of plaintiff rather than identifying specific skills actually acquired by plaintiff. The court disagrees. As Plaintiff quotes in her brief, the Tenth Circuit has held that "When an ALJ makes findings that a claimant has transferable skills, [the ALJ] must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." (Pl. Br. 20)(quoting Dikeman, 245 F.3d at 1185). Here, the ALJ fulfilled the requirements noted in Dikeman. She found that plaintiff had acquired skills from her past relevant work including:  sales activities, hiring and firing employees, scheduling workers, payroll and timekeeping, evaluating work of others, supervising others, dealing with people, general office skills, budgeting, and interviewing people. (R. 20-21). She found that these skills are transferable to specific occupations listed on the seventh page of her decision:  information clerk, reception clerk, telemarketer, timekeeper, payroll clerk, and scheduler. (R. 21). Contrary to plaintiff's argument, both the VE and the ALJ identified skills acquired from plaintiff's past relevant work, and identified specific occupations to which those specific

-9-

skills are transferable.  More is not required.  Contrary to
plaintiff's claims, the record contains evidence to support the
ALJ's finding that plaintiff acquired specific skills from her
past relevant work which are transferable to other work in the
economy of which plaintiff is capable.

Plaintiff also claims however, that the ALJ failed to
properly apply the rule regarding transferable skills for a
claimant who is of advanced age.  (Pl. Br. 21)(quoting <u>Dikeman</u>,
245 F.3d at 1187-88 (citing 20 C.F.R. § 404.1563(d)[2] and 20
C.F.R., Pt. 404, Subpt. P, App. 2 § 201.00(f))).  The
Commissioner notes that both the ALJ and the VE were aware that
plaintiff was of advanced age and that the ALJ found that the
occupations of which plaintiff is capable require skills acquired
in plaintiff's past relevant work "but no additional skills."
(Comm'r Br. 6)(quoting (R. 21)).  The Commissioner argues, "If no
additional skills could be required of Plaintiff in the specified

---

[2]Although <u>Dikeman</u> was decided Apr. 12, 2001, comparison of
that court's quotations from 20 C.F.R. § 404.1563 with the Code
of Federal Regulations reveals that the court was quoting from
the 2000 C.F.R., effective Apr. 1, 2000.  The regulations at
issue were later amended Apr. 6, 2000, and again on Aug. 26,
2003.  65 Fed. Reg. 18000; 68 Fed. Reg. 51163.  The regulation
cited in <u>Dikeman</u> is essentially unchanged but at the time of the
ALJ decision here it appeared at 20 C.F.R. § 404.1563(e) (2006).
The rule referred to in plaintiff's brief and cited in <u>Dikeman</u>
appeared in the 2000 regulations at 20 C.F.R., Pt. 404, Subpt. P,
App. 2 § 201.00(f) as cited by the court in <u>Dikeman</u>.  While the
rule still appears at the same location in Appendix 2, on Apr. 6,
2000 the regulations were amended to codify the rule at 20 C.F.R.
§ 404.1568(d)(4).  65 Fed. Reg. 18000.  The current rule is
essentially the same as that discussed in <u>Dikeman</u>.

jobs, then there would be very little, if any, vocational
adjustment required of her." <u>Id.</u>  Therefore, in the
Commissioner's view, the ALJ applied the special rule to
plaintiff's advanced age in this case even though she did not use
the terminology of the regulation.  The Commissioner's argument
misses the very point of the rule cited by plaintiff.

The regulations provide that if a claimant is of advanced
age as defined in the regulations (fifty-five or older), and is
limited to sedentary work, the Commissioner will find
transferable skills "only if the sedentary work is so similar to
your previous work that you would need to make very little, if
any, vocational adjustment <u>in terms of tools, work processes,</u>
<u>work settings, or the industry</u>."  20 C.F.R. § 404.1568(d)(4)
(emphasis added).[3]  Here, because plaintiff is of advanced age,
in order to find that plaintiff has skills which are transferable
to sedentary work, the ALJ must find that plaintiff would need to
make very little vocational adjustment in terms of <u>tools, work</u>
<u>processes, work settings, or the industry</u>.  While plaintiff here
would need no additional skills beyond those acquired in her past

---

[3]The court notes that additional considerations apply where
the claimant of advanced age is also able to perform a range of
light work.  20 C.F.R. § 404.1568(d)(4).  Here, the ALJ found an
RFC which might permit a range of light work.  (R. 18).  However,
the Commissioner does not argue that this fact would have any
effect on application of the rule in this case.  Moreover, all of
the specific representative occupations of which the ALJ found
plaintiff capable are sedentary occupations.  (R. 21).

relevant work to perform the identified occupations, there is no discussion in the decision at issue regarding the similarities, differences, or adjustments necessary between plaintiff's past relevant work and the representative occupations of which the ALJ found plaintiff capable in terms of tools, work processes, work settings, or the industry.

The fact that plaintiff has the skills necessary to perform the representative occupations cited means only that if plaintiff were not of advance age she would be able to perform those occupations and it would be appropriate to find that she is not disabled.  However, the Commissioner has recognized that "age significantly affects a person's ability to adjust to other work."  20 C.F.R. § 404.1563(e).  Therefore, he has promulgated special rules to apply in such circumstances.  Id.; 20 C.F.R. § 404.1568(d)(4); 20 C.F.R., Pt. 404, Subpt. P, App. 2 § 201.00(f).  Remand is necessary for the Commissioner to consider and explain whether moving from plaintiff's past relevant work to the representative occupations identified by the ALJ would require very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.

Such an inquiry will require the services of a vocational expert, for neither this court nor the Commissioner and his ALJs have the vocational expertise to make such a determination without reliance upon vocational evidence.  To the extent the ALJ

failed to seek vocational testimony or other appropriate vocational evidence regarding the vocational adjustment required to move from plaintiff's past relevant work to the representative occupations identified, she did not properly develop the record regarding the transferability of skills in this case, and the case must be remanded to properly develop the record.

**IT IS THEREFORE RECOMMENDED** that the decision below be REVERSED and judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for proceedings in accordance with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 10th day of January 2008, at Wichita, Kansas

s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**